```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
                          RENO, NEVADA
```

FRANK STOFFELS and KAREN STOFFELS, )   3:08-CV-00468-ECR-VPC
                                   )
    Plaintiffs,                    )   MINUTES OF THE COURT
                                   )
vs.                                )   DATE: March 2, 2011
                                   )
GRP FINANCIAL SERVICES CORP.,      )
GRP LOAN, LLC, and INDYMAC         )
FINANCIAL SERVICES, and DOES       )
I through X,                       )
                                   )
    Defendants.                    )
_____)

PRESENT:      EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:     COLLEEN LARSEN          Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                     NONE APPEARING

Counsel for Defendant(s)                     NONE APPEARING


MINUTE ORDER IN CHAMBERS

    Now pending are Fremont Investment and Loan Brea California's (hereinafter "Fremont") motion (#150) to dismiss, GRP Financial Services Corp. and GRP Loan, LLC's (collectively, "GRP") motion (#152) to dismiss, Plaintiffs' motion for leave to late file their opposition to GRP's motion to dismiss (#156), and DLJ Mortgage Capital Inc. ("DLJ") and Select Portfolio Servicing, Inc.'s ("SPS") motion (#177) to substitute parties. The motions are ripe, and we now rule on them.

    At the outset we note that on January 27, 2010, the claims in this case related to the formation and/or operation of MERS were transferred to the MDL court in the District of Arizona (#147). The claims that are unrelated to MERS were simultaneously remanded to our jurisdiction. On April 23, 2010, the MDL Court filed an order (#147) (hereinafter "clarification order") clarifying which claims were under their jurisdiction and which are under ours. Both pending motions (## 150 and 152) to dismiss were filed subsequent to the clarification order and address only the claims under our jurisdiction. Nevertheless, we emphasize

that this Order is not intended to refer to or rule upon any issues which are included in the MDL transfer order.

Defendant Fremont requests dismissal of Plaintiffs' claim against Fremont for failure of contract under our jurisdiction[1] on the grounds that Plaintiffs signed a release waiving any claims against Fremont.  Plaintiffs contend that the release at issue is void on the grounds of substantive unconscionability.  Analyzing Fremont's affirmative defense of waiver requires us to decide issues of fact inappropriate on a motion to dismiss.  Moreover, the release itself, which Fremont urges us to consider, cannot be appropriately considered at this stage in the litigation because Plaintiffs' complaint (#1) did not refer extensively to the release nor does the release form the basis of the Plaintiffs' claims.  <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  We therefore will not dismiss Plaintiffs' claims against Fremont on the basis of waiver.  Because Fremont does not challenge Plaintiffs' claims on any other basis, Fremont's motion to dismiss will be denied.

Defendant GRP requests dismissal of each claim under our jurisdiction naming GRP as a defendant.  There are three such claims — Plaintiffs' first claim, for "failure of contract," and Plaintiffs' eighth and ninth claims for injunctive and declaratory relief, respectively.  GRP asserts that Plaintiffs' "failure of contract" claim applies to the entities attempting to foreclose on Plaintiffs' home, and because GRP no longer has any interest in Plaintiffs' loan or property, GRP should be dismissed.  Plaintiff apparently agrees: "The failure of contract claim was 'as to all defendants attempting to foreclose based upon the deed of trust' which no longer applies to GRP according to its own admission."  (P.'s Opp. at 2 (#157).)  Plaintiffs' first claim will thus be dismissed with respect to Defendant GRP.  Moreover, because Plaintiffs' eighth and ninth claims are merely prayers for relief, and we are dismissing the only underlying claim under our jurisdiction, Plaintiffs' eighth and ninth claims will likewise be dismissed with prejudice against defendant GRP.  Therefore, all of Plaintiffs' claims under our jurisdiction are dismissed with respect to defendant GRP.

We note that Plaintiffs technically oppose GRP's motion to dismiss.  Plaintiffs do so, however, on the ground that Plaintiffs' fourth claim for slander of title survives Defendant's motion.  Plaintiffs' slander of title claim, however, is not under our jurisdiction.  The District of Arizona has

---

[1] Only Plaintiffs' first, fifth and part of Plaintiffs' eighth and ninth claims are under our jurisdiction.  Plaintiffs' remaining claims are under the jurisdiction of the District of Arizona. (MDL Order at 7 (#147).)

jurisdiction over that claim pursuant to its April 23, 2010 Order: "Claims 2-4, 6, 7 and part of claims 8 and 9 remain with the undersigned as part of the MDL . . . ." (MDL Order at 7 (#147).)  Therefore, because Plaintiff does not oppose dismissal of the claims against GRP under our jurisdiction, GRP's motion will be granted.

     DLJ and SPS request that the Court substitute DLJ Mortgage Capital Inc. in place of GRP Loan LLC and Select Portfolio Servicing, Inc. in place of GRP Financial Services Corp.  Plaintiffs contend that (i) DLJ and SPS have provided no proof in support of their claim that they are the real parties in interest; and (ii) Plaintiffs will be prejudiced if GRP is dismissed in this action.  Federal Rules of Civil Procedure 25(c) allows the Court to substitute parties if an interest is transferred.  A district court has "ample discretionary power to substitute parties." United States of America use of Acme Granite & Tile Co. V. F.D. Rich Co., 437 F.2d 549 (9th Cir. 1970).

     We find that DLJ and SPS have provided adequate proof that they are the real parties in interest by submitting copies of (i) the Corporate Assignment of Mortgage/Deed of Trust by which GRP assigned the Deed of Trust to DLJ; and (ii) the letter dated November 11, 2009, advising Plaintiffs that effective November 13, 2009, the servicing of the loan would be transferred from GRP Financial Services Corp. to SPS. (Weinberger Affid. (#181-1).)

     Additionally, we find that Plaintiffs will not be prejudiced by the dismissal of GRP in this action.  GRP is no longer able to foreclose on the property in question, as it has assigned its rights in and to the property to DLJ.  The remaining claim against GRP is one for failure of contract, relating to the negotiation of a loan modification agreement between Plaintiffs and Defendant Fremont Investment and Loan.  As DLJ and SPS are the current owner and servicer of the loan, respectively, they are properly substituted for GRP in this action.  DLJ and SPS's motion (#177) to substitute parties will therefore be granted.

     We additionally note that on the same day as Plaintiffs filed their opposition to Defendant GRP's motion to dismiss, Plaintiffs filed a motion for leave to file that opposition one day late (#156).  Defendants did not oppose the motion, which appears to be facially well taken.  Plaintiffs' motion will therefore be granted.

     **IT IS, THEREFORE, HEREBY ORDERED** that Fremont Investment and Loan Brea California's motion to dismiss (#150) is **DENIED**.

     **IT IS FURTHER ORDERED** that GRP Financial Services Corp. and GRP Loan, LLC's motion to dismiss (#152) is **GRANTED** on the following basis.  All of

Plaintiffs' claims against GRP that are under our jurisdiction are dismissed.  This Order is not intended to refer to or rule upon any claim under the jurisdiction of the MDL court.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to late file opposition to Defendants motion to dismiss (#156) is **GRANTED**.

**IT IS FURTHER ORDERED** that DLJ and SPS's motion to substitute parties (#177) is **GRANTED**.

**IT IS FURTHER ORDERED** that the caption of the action is changed to reflect that the Defendants henceforth are Indymac Financial Services, DLJ Mortgage Capital Inc., Select Portfolio Servicing, Inc. and Does I through X.

```
                                    LANCE S. WILSON, CLERK
                                    By       /s/
                                         Deputy Clerk
```